IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LAZARO QUINONES-CEDENO, ) | |
| ) | |
| Plaintiff ) | 1:22-CV-00364-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| MS. J. HUTCHINSON, WARDEN OF FCI- ) | |
| MCKEAN; P. TORRES, ACTING ) | MEMORANDUM OPINION ON |
| CAPTAIN/FCI-MCKEAN; C. WEISSMAN, ) | DEFENDANTS' MOTION TO DISMISS, |
| SIS - FCI-MCKEAN; MS. K. ALLEN, ) | MOTION FOR SUMMARY JUDGMENT |
| CASE MANAGER/CASE MANAGER ) | |
| COORDINATOR FCI-MCKEAN; MS. A. ) | ECF NO. 30 |
| BLANKENSHIP, LIEUTENANT FCI- ) | |
| MCKEAN; W. SKINNER, R & D MAIL ) | |
| ROOM SUPERVISOR; J. FITZPATRICK, ) | |
| KITCHEN FOREMAN; MS. D. KREMER, ) | |
| KITCHEN FOREMAN; DARRIN ) | |
| HOWARD, REGIONAL COUNSEL US ) | |
| DOJ/N.E.R.O.; S. WHITE, US DOJ ) | |
| GOVERNMENT INFORMATION ) | |
| SPECIALIST; AND MS. H. FOSTER, ) | |
| OFFICER, ) | |
| ) | |
| Defendants ) | |

## I. Introduction and Procedural History

Plaintiff Lazaro Quinones-Cedeno, an individual formerly in the custody of the Federal Bureau of Prisons ("BOP"), initiated this *pro se* civil rights action on November 16, 2022, while he was incarcerated at the Federal Correctional Institution ("FCI") McKean.[1] The Complaint alleges violations of Quinones-Cedeno's rights under the First, Fifth, and Eighth Amendments to

---

[1] Quinones-Cedeno was released from BOP custody on January 24, 2023. *See* ECF No. 33, ¶ 2.

the United States Constitution and Pennsylvania tort law claims.[2] *See* ECF No. 19. The Defendants are Ms. J. Hutchinson, Warden of FCI McKean; P. Torres, Acting Captain/FCI McKean; C. Weisman, SIS – FCI McKean; Ms. K. Allen, Case Manager/Case Manager Coordinator FCI McKean; Ms. A. Blankenship, Lieutenant FCI McKean; W. Skinner, R&D Mail Room Supervisor; J. Fitzpatrick, Kitchen Foreman; Ms. D. Kremer, Kitchen Foreman; Darrin Howard, Regional Counsel US DOJ/N.E.R.O.; S. White, US DOJ Government Information Specialist; and Ms. H. Foster, Officer.[3] *See id*. Quinones-Cedeno seeks injunctive and monetary relief. *See id*., p. 8.

The Defendants have moved to dismiss Quinones-Cedeno's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 30. Alternatively, the Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 based on the affirmative defenses of failure to exhaust administrative remedies and qualified immunity. *Id*. In addition to their supporting brief (ECF No. 31), the Defendants have also filed a concise statement of material facts (ECF

---

[2] Quinones-Cedeno appended the following exhibits to his Complaint: Letter from Quinones-Cedeno to the Northeast Regional Office ("NERO"), dated 10.24.2022, ECF No. 19-1, p. 2; Letter from Quinones-Cedeno to S. White, dated 10.25.2022, ECF No. 19-1, pp. 3-4; Letter from S. White to Quinones-Cedeno, dated 10.11.2022, ECF No. 19-1, p. 5; BP-10 Form Appeal Incident Report No. 3656958, dated 9.29.2022, ECF No. 19-1, pp. 6-8; Discipline Hearing Officer Report Incident No. 3656958, ECF No. 19-1, pp. 9-13; Letter from Quinones-Cedeno to U.S. Dept. of Justice, Investigation Division, dated 1.19.2022, ECF No. 19-2, pp. 2-3; Male Custody Classification Form for Quinones-Cedeno, dated 8.23.2021, ECF No. 19-2, p. 4; Letter from Quinones-Cedeno to Darrin Howard, Regional Counsel, U.S. Dept. of Justice, NERO, dated 10.27.2022, ECF No. 19-3, p. 2; Small Claims for Property Damage or Loss, dated 3.31.2022, ECF No. 19-3, p. 3; Letter from Darrin Howard to Quinones-Cedeno, dated 9.30.2022, ECF No. 19-3, p. 4; Email from Quinones-Cedeno to MCK-InmateToUnitD(BOP), dated 4.19.2022, ECF No. 19-3, pp. 5-7; Email correspondences between Quinones-Cedeno and Ms. Mickens, Mr. Bergevin, MCK-InmateToFoodService, and A.W. Work Programs, beginning 6.11.2022, ECF No. 19-4; Letter from Quinones-Cedeno to Office of Inspector General, Investigation Division, dated 6.29.2022, ECF No. 19-5; Letters from Quinones-Cedeno to President Biden, dated 3.28.2022 and 7.01.2021, ECF No. 19-6, pp. 1-4, 8-13; Documents re Civil Action No. 3:20-cv-88, ECF No. 19-4, pp. 5-7; *Congressional Report finds Misconduct by BOP Administrators Often Ignored*, p. 13, ECF No. 19-6, p. 14; *More Money Sought For Penitentiary*, ECF No. 19-7, p. 2; Letters from Quinones-Cedeno to Congresswoman Nancy Boyda, dated 8.4.2007, 3.18.2008, 6.25.2008, and 1.14.2009, ECF No. 19-7, pp. 3, 4-5, 8, 9-10; Letter from District Rep. Judy Jewsome to Quinones-Cedeno, dated 4.17.2008, ECF No. 19-7, p. 6; and U.S.P.S. Certified Mail Receipt, ECF No. 19-7, p. 7.

[3] The Complaint does not state whether Quinones-Cedeno is suing the Defendants in their individual and/or official capacities.

No. 33) and exhibits (ECF Nos. 31-1 through 31-5, 32-1, 32-2) in accordance with Local Rule 56(B).[4]

Under the Court's Case Management Order (ECF No. 34) and in accordance with LCvR 56(C), Quinones-Cedeno was to file a brief in opposition to the motion and responsive concise statement of material facts by September 6, 2023. When Quinones-Cedeno had failed to do so by October 11, 2023, the Court issued an Order to Show Cause directing Quinones-Cedeno to explain his failure or, alternatively, file his brief and responsive concise statement on or before November 1, 2023. ECF No. 36. The Order to Show Cause further advised Quinones-Cedeno that his failure to respond may result in the Court dismissing his case based on his failure to prosecute. *Id. See also Reavis v. Aurandt*, 2022 WL 3920955 at *1 (W.D. Pa. Aug. 31, 2022). On October 30, 2023, Quinones-Cedeno responded to the show cause order by filing a motion for a further extension of time to respond to the Defendants' motion. ECF No. 37. The Court granted his motion and extended the deadline for his response to November 20, 2023. ECF No. 38. More than three months have elapsed since the extended deadline for Quinones-Cedeno's response, but he has neither responded to the motion nor explained his failure to do so.[5] The matter is ripe for disposition.[6]

---

[4] Defendants have submitted the following exhibits: Declaration of Eva Baker-Dykstra, Paralegal Specialist employed by the United States Department of Justice, BOP, NERO, Philadelphia, PA, ECF No. 31-1, pp. 2-3; Public Information Inmate Data, ECF No. 31-2; Inmate History, ADM-REL, ECF No. 31-3; Inmate Disciplinary Data Chronological Disciplinary Record, ECF No. 31-4; Administrative Remedy Generalized Retrieval, ECF No. 31-5; and Discipline Hearing Officer Report, Incident Report No. 3656958, ECF No. 31-9. Defendants have also filed two exhibits under seal (ECF Nos. 32-1, 32-2). *See* ECF Nos. 28, 29.

[5] Quinones-Cedeno's last docket activity was his motion for an extension of time dated October 30, 2023. ECF No. 37, p. 2. As the Court's order granting the extension of time was not returned as undeliverable, the Court presumes Quinones-Cedeno received it.

[6] The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and may exercise supplemental jurisdiction over Quinones-Cedeno's state-law claims under 28 U.S.C. § 1337. ECF Nos. 11, 25.

## II.     Statement of Facts

Because Quinones-Cedeno has failed to file a responsive concise statement of material facts, all facts included in Defendants' concise statement are deemed undisputed to the extent they are supported by Defendants' accompanying exhibits and other materials properly included in the record. *See* LCvR 56(E). While courts may provide some leniency to *pro se* litigants when reviewing their submissions, a *pro se* litigant may not ignore procedural rules that apply to parties assisted by counsel. Thus, compliance with LCvR 56 applies equally to *pro se* plaintiffs and those represented by counsel. *See, e.g., Peay v. Sager*, 2022 WL 565391, at *1–2 (W.D. Pa. Feb. 1, 2022), *report and recommendation adopted*, 2022 WL 562936 (W.D. Pa. Feb. 24, 2022).

Quinones-Cedeno began serving a 300-month federal sentence in January 2001. On December 16, 2021, he was transferred to FCI McKean where he remained until his transfer to another federal correctional institution on August 11, 2022.

FCI McKean Health Services staff examined Quinones-Cedeno upon his arrival to the facility. Quinones-Cedeno's only complaint at that time concerned his dentures. Quinones-Cedeno declined medical interventions offered by FCI McKean medical staff to treat symptoms of his edema. Quinones-Cedeno also did not take his medications as prescribed. Pursuant to "established procedures and in consideration of his medical needs," Quinones-Cedeno ultimately received a medical classification of "Medically Necessary – Non-emergent." *Id.*, ¶ 10 (citing ECF No. 32-2).

Also, Quinones-Cedeno's BOP disciplinary record memorializes that he "has a history of committing aggressive sexual acts while in BOP custody." ECF No. 33, ¶ 4 (citing ECF No. 31-4). At one point, Quinones-Cedeno admitted that he "commit[ed] an act sufficient to establish the prohibited act of Insolence, code 312." *Id.*, ¶ 5 (citing ECF No. 31-4).

Additionally, Quinones-Cedeno's BOP administrative record does not include "complaints of poor conditions or safety related concerns." *Id.*, ¶ 11 (citing ECF No. 31-5).

4

Finally, as detailed below in the discussion of the Defendants' exhaustion of administrative remedies affirmative defense, Quinones-Cedeno "did not follow the administrative remedy requirements with regards to any complaints against the staff of FCI McKean." *Id.*, ¶ 12 (citing ECF Nos. 31-1, 31-5).

### III. Standard of Review: Motion for Summary Judgment

Because the entry of summary judgment in favor of the Defendants is warranted based on the record demonstrating Quinones-Cedeno's failure to exhaust administrative remedies, there is no need to reach the issues raised by the Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the Court need only recite the standard for summary judgment under Fed. R. Civ. P. 56.

Rule 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963

F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories, or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ..." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted). Put another way, *pro se* status does not relieve a non-moving party of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id.* (quoting *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)). *See also Winfield v. Mazurkiewicz*, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

### IV. Analysis

The Defendants raise five arguments in support of their motion: (1) Quinones-Cedeno did not exhaust his administrative remedies for the claims asserted in the Complaint; (2) *Bivens* does not extend to a First Amendment claim; (3) the Fourteenth Amendment procedural due process claim and Eighth Amendment deliberate indifference claim fail as a matter of law; (4) the Complaint fails to support the requisite personal involvement of any Defendant in the alleged harms; and (5) qualified immunity bars Quinones-Cedeno's *Bivens* claims. Because the record demonstrates that Quinones-Cedeno failed to exhaust his administrative remedies regarding any claim raised in his Complaint, the Court will not reach the Defendants' qualified immunity or substantive merits arguments.

The Prison Litigation Reform Act ("PLRA") requires an incarcerated individual to exhaust any available administrative remedies before he may commence a lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason . . . it constitutes a 'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013)) (internal quotations omitted). The PLRA's exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement of § 1997e(a) applies only to lawsuits commenced while the plaintiff is incarcerated; it does not apply to lawsuits about prison life filed by individuals after they have been released from prison. *See Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Nelson v. Warden of C.F.C.F.*, 461 F. Supp. 2d 316, 318 (E.D. Pa. 2006). Because Quinones-Cedeno filed his lawsuit while he remained in BOP custody, it is subject to the PLRA's exhaustion requirement. *See e.g.*, *Ahmed*, 297 F.3d at 210 ("Although Ahmed would have been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison, he is bound by the PLRA because his suit was filed ... almost three years before he was released from prison.").

Proper exhaustion under the PLRA requires that an inmate "complete the administrative review process in accordance with the applicable procedural rules." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford*, 548 U.S. at 88). Individual prisons provide these procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004) (determining whether "a prisoner has 'properly'

exhausted a claim ... is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances"). Thus, "prison grievance procedures supply the yardstick" for the district court to measure the plaintiff's compliance with administrative remedies. *Spruill*, 372 F.3d at 230-31. This includes strict compliance with deadlines for submissions of grievances and appeals. *Woodford*, 548 U.S. at 95. A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Fennell v. Cambria Cty. Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015).

The BOP has a four-step administrative remedies process federal inmates must complete to satisfy the PLRA's exhaustion requirement. *See* 28 C.F.R. §§ 542.10-542.19. An inmate must first present his or her concern to institution staff for informal resolution. *See* 28 C.F.R. § 542.13(a). If informal resolution does not address the issue to the inmate's satisfaction, the inmate must submit a formal, written Administrative Remedy Request (Request) on a BP–9 form for resolution by the Warden within 20 days following the date on which the incident or other basis for the Request occurred.[7] *See* 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, the third step is to submit an appeal on a BP–10 form to the Regional Director within 20 days of the Warden's response. *See* 28 C.F.R. § 542.15. If the Regional Director denies the appeal or the inmate is otherwise unsatisfied with the Regional Director's response, the final step is for the inmate to file an appeal on a BP–11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. *See id.* The administrative remedy process is not exhausted until this fourth step is completed and the inmate's appeal is denied by the BOP's General Counsel. *Id.*

---

[7] Certain types of Administrative Remedy Requests are exempt from the initial B-9 filing at the institution, including DHO appeals, Control Unit appeals, and Controlled Housing status appeals. *See* 28 C.F.R. § 542.14(d).

To satisfy their burden of production on their exhaustion affirmative defense at the summary judgment stage, the Defendants must produce evidence demonstrating their entitlement to judgment on the defense as a matter of law. Fed. R. Civ. P. 56(c)(1)(A). Typically, the most effective means to do so is for the defendant to produce the plaintiff's relevant grievance record. *See Brown v. Smith*, 2021 WL 4429847, at *5 (W.D. Pa. Sept. 27, 2021), *aff'd*, 2022 WL 2383609 (3d Cir. July 1, 2022) (citing *Green v. Maxa*, 2019 WL 1207535, at *6 (W.D. Pa. Mar. 14, 2019); *Jackson v. Superintendent Greene SCI*, 671 Fed. Appx. 23, 24 (3d Cir. 2016). Where the plaintiff fails to take or timely complete a necessary step in the grievance process, the defendant may establish the necessary record by providing a properly authenticated business record evidencing the omission or an affidavit from a person with knowledge, such as a records custodian, attesting factually that the plaintiff failed to properly exhaust. *See id.* (citing Fed. R. Civ. P. 56(c)(4)). *See also Muhammad v. Sec'y Pa. Dep't of Corrs.*, 621 Fed. Appx. 725, 727 (3d Cir. 2015) (affidavit attesting to plaintiff's failure to appeal to SOIGA); *accord Martin v. Pa. Dep't of Corrs.*, 395 Fed. Appx. 885, 886 (3d Cir. 2010).

In this case, Quinones-Cedeno appears to advance First Amendment retaliation and access to court claims, Fifth Amendment procedural and substantive due process claims, and Eighth Amendment failure to protect, conditions of confinement, and deliberate indifference to serious medical needs claims based on his incarceration at FCI McKean from December 16, 2021 to August 11, 2022. His claims are based on allegations that his BOP classification as sex offender placed his safety at serious risk; FCI McKean staff confiscated his property in March 2022; Defendants conspired to falsify the July 29, 2022 Incident Report (No. 3656958); the Disciplinary Hearing Officer's ("DHO") sanction of a six-month phone restriction violated BOP policy; his placement in disciplinary segregation was "in retaliation for a letter he wrote to a

9

member of U.S. Congress in Florida state on July 25, 2022"; Weissman refused "to quell the harassment and retaliatory tactics of his staff in the SIS Department by obstructing [Quinones-Cedeno's] access to property addressed to the courts, by withholding [Quinones-Cedeno's] legal documents, and using harassing and retaliatory methods to achieve his goals"; Torres "allow[ed] his staff to act with prejudice and corruptive misconduct by obstructing [Quinones-Cedeno] from reporting complaints"; Skinner "failed to . . . stop his staff in the R&D mailroom . . . from withholding court documents and property"; Fitzpatrick and Kremer got Quinones-Cedeno fired from his job, and Fitzpatrick "cheated with his pay," in retaliation for filing complaints and a law suit; Blankenship "engaged in a pattern of racism," "subjected [Quinones-Cedeno] to retaliation, harassment and threats," and conspired with "Hutchinson, Torres, Weissman, and Foster" to "set[] [Quinones-Cedeno] up on July 28, 2022, to get rid of him"; and "around May/June 2022," Hutchinson, Torres, Weissman, Allen, and Walker "heightened [Quinones-Cedeno's] medical needs in order to institute "a fake medical retaliatory prison transfer," which led to his transfer out of FCI McKean in August 2022. *Id.*, p. 4, 8, 9, 10 (cleaned up).

The Defendants argue that Quinones-Cedeno did not exhaust his administrative remedies because he failed to timely appeal the DHO's August 2, 2022 determination, and he "failed to file a request for administrative remedy concerning any other aspect of his incarceration at FCI McKean, including the" foregoing allegations. ECF No. 31, p. 13 (citing ECF Nos. 31-1, 31-5). To support their exhaustion defense, the Defendants have submitted the Declaration of Eva Baker-Dykstra, a Paralegal Specialist at NERO. Baker-Dykstra attests that the BOP computerized database shows that Quinones-Cedeno did not exhaust his DHO Appeal or file an Administrative Remedy Request for any claim arising from his incarceration at FCI McKean. *See* ECF No. 31-1. Baker-Dykstra's declaration appends printouts generated on April 18, 2023

of Quinones-Cedeno's Public Information Inmate Data (ECF No. 31-2), Inmate History (ECF No. 31-3), Inmate Discipline Data Chronological Disciplinary Record (ECF No. 31-4), and Administrative Remedy Generalized Retrieval Log ("Log") listing the three hundred and fifty-four Administrative Remedy Requests Quinones-Cedeno submitted during his time with the BOP (ECF No. 31-5).

On July 29, 2022, a DHO at FCI McKean disciplined Quinones-Cedeno for conduct described in Incident Report No. 3656958. *See* ECF No. 31-9. The DHO report was delivered to Quinones-Cedeno on August 8, 2022. ECF No. 31-5, p. 177. Quinones-Cedeno submitted an appeal to the Northeast Regional Office ("NERO") from the DHO's determination on October 3, 2022, after his transfer to FCI Beckley. On November 10, 2022, NERO rejected the appeal because Quinones-Cedeno sent it to the wrong regional office and instructed Quinones-Cedeno to mail his appeal to the Mid-Atlantic Regional Office ("MARO"). *See* ECF No. 31-5, p. 175. Quinones-Cedeno mailed his DHO appeal to MARO twenty-nine days later, on December 9, 2022. He also mailed the appeal to Central Office on November 28 and NERO again on December 12, 2022. Central Office rejected the appeal on December 15 "with directions to refile at the appropriate level." ECF No. 31, p. 12 (citing ECF No. 31-5, p. 177). Twenty days later, MARO rejected the appeal as untimely. ECF No. 31-5, p. 177. MARO notified Quinones-Cedeno: "Your DHO Report was delivered on 8/8/2022, you had 20 days from that date to appeal. Your initial appeal was received 10/3/2022." *Id.* MARO further advised Quinones-Cedeno to provide a staff memo stating the late filing was not his fault if he wished to have the untimeliness of his appeal excused.[8] *See id.* Quinones-Cedeno took no further action with respect to the DHO hearing.

---

[8] Quinones-Cedeno was able to submit his DHO appeal directly to the Regional Director because DHO appeals are exempt from the initial B-9 filing at the institution. *See* 28 C.F.R. § 542.14(d)(2).

The record also demonstrates that the three other Administrative Remedy Requests Quinones-Cedeno filed between December 16, 2021, and his release from BOP custody on January 24, 2023, were neither exhausted nor concerned the claims alleged in this action. *See* ECF No. 31-5, pp. 176-179. The first two remedy requests Quinones-Cedeno filed while at FCI McKean were DHO appeals of a January 1, 2020 and/or August 11, 2021 FCI Hazelton DHO decision. *See* ECF No. 31-5, p. 175 (the Log does not identify the DHO hearing date); ECF No. 31-4, pp. 2-4 (FCI Hazleton disciplinary history). He submitted the first to NERO and the second to Central Office on January 18 and 27, 2022, respectively. Both were rejected for procedural defaults and Quinones-Cedeno did not re-file either. Quinones-Cedeno submitted his last Administrative Remedy Request to MARO on December 28, 2022, based on staff misconduct at FCI McDowell and FCI Hazleton. MARO rejected it on procedural grounds because Quinones-Cedeno complained of multiple incidents and directed him to "first submit one issue per remedy to institution before appealing." *Id.*, p. 179. Quinones-Cedeno took no further action with respect to any of these Requests.

Based on the foregoing, Defendants have satisfied their threshold burden to produce evidence that Quinones-Cedeno did not exhaust his administrative remedies for the claims arising out of events alleged to have occurred while he was incarcerated at FCI McKean. Indeed, the record shows that the only Administrative Remedy Request Quinones-Cedeno filed pertaining to FCI McKean was his October 3, 2022 DHO appeal, which he submitted long after the filing deadline had expired. The record also memorializes that BOP administrative staff provided Quinones-Cedeno with specific guidance following each procedural rejection to assist him in navigating the administrative remedies process.[9] Quinones-Cedeno has not responded to

---

[9] The record further supports that Quinones-Cedeno understood how to navigate the administrative remedies process. *See e.g.*, ECF No. 31-5, p. 5 (exhausted administrative Remedy Request 380598).

the factual record produced by the Defendants or offered any contrary evidence. His Complaint and appended exhibits do not negate any of the material facts upon which the Defendants base their exhaustion defense. No genuine issue of material fact remains regarding Quinones-Cedeno's failure to exhaust his administrative remedies concerning the alleged conduct of FCI McKean staff between December 16, 2021 and August 11, 2022, and the Defendants are entitled to judgment in their favor as a matter of law.[10] *See, e.g., Muhammad v. Sec'y Pa. Dep't of Corr.*, 621 Fed. Appx. 725, 727 (3d Cir. 2015).

## V.    Conclusion

For the foregoing reasons, Defendants' motion (ECF No. 30) for summary judgment is GRANTED. The Court will enter a separate Order directing the entry of judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 58.

DATED this 8th day of March, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[10] Quinones-Cedeno's failure to exhaust his administrative remedies also bars his state law claims based on prison conditions. To the extent any state law claim is not barred, the Court declines to exercise supplemental jurisdiction over it.